11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Marvin Bishop Payne 

Appellant

Vs.                   No.
11-02-00152-CR B Appeal from Erath County

State of Texas

Appellee

 

The trial
court denied appellant=s
Chapter 64[1]
motion for post-conviction DNA forensic testing.  We affirm.[2]

In her
brief, appellant=s court-appointed counsel states that she has
researched the law applicable to the facts and issues contained in this case
and that she has concluded that the record reflects no reversible error.  Counsel further states that appellant failed
to meet two of the essential elements for relief under Chapter 64: establishing
that identity was an issue and that there was a reasonable probability that
appellant would not have been convicted or prosecuted had DNA testing been
conducted.[3]
Counsel has furnished appellant with a copy of the brief and advised appellant
of his right to review the record and file a pro se brief.  A pro se brief has not been filed.  Counsel has complied with the procedures
outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436
S.W.2d 137 (Tex.Cr.App.1969).

Following
the procedures outlined in Anders, we have independently reviewed the
record.








Appellant asked the trial
court to take judicial notice of the trial on the merits and presented no
further evidence.  The District Attorney
testified that, while spermatozoa was recovered from the victim, DNA testing
was not requested because appellant had confessed to the sexual assault of the
child and because there was a third-party eyewitness to the sexual
assault.  We agree that the appeal is
without merit.  Appellant failed to
establish that identity was an issue or that he would not have been convicted
had DNA testing been done.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

March 20, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.

 











[1]TEX. CODE CRIM. PRO. ANN. art. 64.01 et seq. (Vernon
Pamph. Supp. 2003).





[2]Article 64.05.





[3]Article 64.03.